UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        CASE NO. 16-20060
                                    HON. DENISE PAGE HOOD

v.

PHILLIP A. WHITE,

        Defendant.
                                         /

**ORDER GRANTING DEFENDANT'S MOTION TO REMOVE COUNSEL, GRANTING DEFENDANT'S REQUEST FOR NEW COURT-APPOINTED COUNSEL, AND DENYING DEFENDANT'S MOTION TO WITHDRAW PLEA OF GUILTY [#44]**

**I.    BACKGROUND**

On September 16, 2015, Defendant Phillip White ("White") was charged by Indictment with Carjacking (Count I) and Use of a Firearm During a Crime of Violence (Count II). (Doc # 8) Pursuant to a Stipulated Order, a jury trial was set for November 15, 2016. (Doc # 25) Todd Shanker of the Federal Defender Office was appointed to represent White. Shanker filed a Motion to Withdraw as Counsel (Doc # 26), which was granted by the Court. (Doc # 28) The Court appointed John W. Brusstar to represent White as counsel in November 2016. Pursuant to a Stipulated Order, a jury trial was set for March 21, 2017. (Doc # 26) White entered

1

into a Rule 11 Plea Agreement with the Government. A plea hearing was held on March 20, 2017, and the Court accepted the Rule 11 Plea Agreement and White's plea of guilty, finding that the plea was knowingly, freely, and voluntarily made. (Doc # 42)

This matter is now before the Court on White's requests to remove counsel, be granted a new court-appointed attorney, and for permission to withdraw his guilty plea. White alleges that there has been a total and irreconcilable breakdown in the attorney-client relationship to such an extent that it is in his best interest that new counsel be appointed to represent his interests.

White also requests that he be allowed to withdraw his plea of guilty to seek advice from newly-appointed counsel. The Government has not filed a response.

## II. ANALYSIS

### A. Motion to Remove Counsel

The Local Rules provide that an attorney making an appearance on behalf of a defendant continues to represent the defendant through an appeal unless the district court grants a motion to withdraw prior to the notice of appeal being filed. E.D. Mich. L.Cr.R. 57.1(a). It is well established that a criminal defendant accused of a felony has a constitutional right under the Sixth Amendment to be represented by counsel and to have counsel appointed for him if he cannot afford one, or, alternatively, to represent himself in such proceedings. *Faretta v. California*, 442

U.S. 806 (1975). The "essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." *Wheat v. United States*, 486 U.S. 153, 159 (1988). The Sixth Amendment does not guarantee a "meaningful relationship" between a defendant and his attorney. *Morriss v. Slappy*, 461 U.S. 1, 14 (1983). A motion for new court appointed counsel based upon a defendant's dissatisfaction with his counsel is addressed to the sound discretion of the trial court. *United States v. White*, 451 F.2d 1225 (6th Cir. 1971). The defendant's right "to court appointed counsel does not carry with it the right to select a particular attorney." *Id.*

The Court grants White's request to remove Mr. Brusstar as his counsel because both White and Mr. Brusstar agree that there has been a complete breakdown in the attorney-client relationship. The Court, however, does not make any finding regarding Mr. Brusstar's representation of White. The Court also grants White's request for a new court-appointed attorney.

**B. Motion for Permission to Withdraw Guilty Plea**

The test for validity of a guilty plea is whether the plea was entered voluntarily and intelligently. *Railey v. Webb,* 540 F.3d 393, 417 (6th Cir. 2008); *Hill v. Lockhart,* 474 U.S. 52, 56 (1985). If followed, Rule 11 discourages attacks on the validity of a guilty plea. *Id.* Federal Rule of Criminal Procedure Rule 11(d) states:

3

A defendant may withdraw a plea of guilty or nolo contendere:

(1) before the court accepts the plea, for any reason or no reason; or

(2) after the court accepts the plea, but before it imposes sentence if:

　　(A) the court rejects a plea agreement under Rule 11(c)(5); or

　　(B) the defendant can show a fair and just reason for withdrawal.

Fed. R. Crim. P. 11(d). A defendant must show a "fair and just" reason in order to withdraw an accepted plea of guilty. Fed. R. Crim. P. 11(d)(2)(B). The goal of this rule "is to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty." *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991). The defendant has the burden of proving that withdrawal is justified. *Id.* at 1003. Granting withdrawal is within the discretion of the district court. *Id.*

In *United States v. Bashara*, the Sixth Circuit set forth the factors that this Court must consider in determining whether the defendant has demonstrated a "fair and just reason" for seeking withdrawal of her guilty plea. 27 F.3d 1174, 1181 (6th Cir. 1994) (*superseded in part by statute as stated in United States v. Caseslorente,* 220 F.3d 727, 734 (6th Cir. 2000)). The factors include:

1) the amount of time that elapsed between the plea and the motion to withdraw;
2) the presence (or absence) of a valid reason for failure to move for withdrawal earlier in the proceedings;
3) whether the defendant has asserted or maintained his innocence;

4

4) the circumstances underlying the entry of the guilty plea;

5) the defendant's nature and background;

6) the degree to which the defendant has had prior experience with the criminal justice system; and

7) potential prejudice to the government if the motion to withdraw is granted.

*Id.* at 1181. The factors are a general, non-exhaustive list and no one factor is controlling. *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996).

White states no reason for withdrawal other than the need to confer with a new attorney to discuss the circumstances of his guilty plea. The Court also notes the following: (1) White's plea of guilty was accepted by the Court on March 20, 2017 and he did not submit his Motion for Permission to Withdraw his guilty plea until August 28, 2017, nearly a five month period; (2) White has not presented any reason for his failure to request permission to withdraw his plea sooner, other than the need to confer with a new attorney; (3) White has neither asserted nor maintained his innocence; (4) White has no prior convictions, and very little prior experience with the criminal justice system; (5) White has a 9th grade education and has not passed a General Education Development ("GED") test; and (6) White was fairly advised regarding the details of his guilty plea, and voluntarily and intelligently pled guilty in open court after being advised by his attorney.

White has not presented a fair and just reason why he should be allowed to withdraw his guilty plea. His motion is denied without prejudice.

## III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendant White's Motion to Remove Counsel is GRANTED.

IT IS FURTHER ORDERED that this matter is referred to the Federal Defenders Office ("FDO") to assign new counsel.

IT IS FURTHER ORDERED that Defendant White's Motion for Permission to Withdraw his plea of guilty is DENIED WITHOUT PREJUDICE.


Dated: September 14, 2017         s/Denise Page Hood
                                  Chief, U.S. District Court


I hereby certify that a copy of the foregoing document was served upon counsel of record on September 14, 2017, by electronic and/or ordinary mail.

                    s/Julie Owens Acting in the Absence of LaShawn R. Saulsberry
                    Case Manager