UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

PHILLIP ANTHONY WHITE,

      Defendant.
_____/

Crim. Case No. 16-20060
**Civil Case No. 20-12132**

Honorable Denise Page Hood

**ORDER DENYING MOTION TO VACATE SENTENCE
UNDER 22 U.S.C. § 2255 [CIVIL CASE NO. 20-12132 &
CRIMINAL CASE NO. 16-20060, ECF No. 55],
DENYING MOTION FOR EXTENSION OF TIME
[CRIMINAL CASE NO. 16-20060, ECF No. 54],
DENYING MOTION TO REDUCE SENTENCE
[CRIMINAL CASE NO. 16-20060, ECF No. 62],
AND DENYING MOTION TO STRIKE
[CRIMINAL CASE NO. 16-20060, ECF No. 71]**

    This matter is before the Court on a Motion to Vacate Sentence under 28 U.S.C. § 2255 filed by Defendant/Petitioner Phillip Anthony White. The Government opposes the motion. For the reasons set forth below, the Court denies the Motion to Vacate Sentence. The Motion for Extension of Time to File Motion to Vacate Sentence is also denied. White's Motion to Reduce Sentence based on Compassionate Release and a Motion to Strike the Government's Response to the Motion to Reduce Sentence are also denied as set forth below.

I. BACKGROUND

On March 20, 2017, White entered a plea of guilty to Couns One (18 U.S.C. § 2119, Taking of Motor Vehicle by Force, Violence or Intimidation (Carjacking) and Two, Use of a Firearm During a Crime of Violence (18 U.S.C. § 924(c)) of the Indictment. ECF No 42. On February 2, 2018, White was sentenced to 24 months in the custody of the Bureau of Prisons on Count One, below the guideline range of 30-37 months, and 120 months on Count Two, to be served consecutive to Count One, followed by 24 months on supervised release to be served concurrently. ECF No. 53. No appeal was taken from the Judgment.

White filed the instant Motion to Vacate Sentence on July 2, 2020, over two years after his sentenced was imposed. ECF No. 55. The Government opposes the motion arguing that the motions were untimely filed.

II. ANALYSIS

A. Statute of Limitations

Section 2255 states that a federal prisoner can move a district court to vacate, set aside or correct a sentence. 28 U.S.C. § 2255(a). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year limitations period which typically runs from the date on which the judgment of conviction becomes final. *Dunlap v. United States*, 250 F.3d 1001, 1004-05 (6th

Cir. 2001); 28 U.S.C. § 2255(f)(1). When a federal criminal defendant takes a direct appeal to the court of appeals, his judgment of conviction becomes final for section 2255 purposes upon the expiration of the 90-day period in which the defendant could have petitioned for certiorari to the Supreme Court. *Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004). White did not file a direct appeal of his conviction, nor petitioned for certiorari to the Supreme Court.

Section 2255 provides another way to compute the one-year limitation, including "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 18 U.S.C. § 2255(f)(3). In *United States v. Davis*, 588 U.S. 445, 470 (2019), the Supreme Court found that the term "crime of violence" in 18 U.S.C. § 924(c)(3)(B), the "residual clause" of the Armed Career Criminal Act is unconstitutionally vague. This means that White should have filed his §2255 motion one year from the date the Supreme Court decision was issued on June 24, 2019 if he sought to have his Judgment reviewed pursuant to *Davis*. White did not file his Motion to Vacate until July 2, 2020, more than one year since the *Davis* opinion was issued. White's Motion to Vacate is untimely filed and must be dismissed.

In any event, the "elements clause" of § 924(c)(3) which defines a "crime of violence" as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." And the federal carjacking statute, 18 U.S.C. § 2119, provides that a person is guilty of carjacking when, "with the intent to cause death or serious bodily harm," a person "takes a motor vehicle ... from the person or presence of another by force and violence or by intimidation."

The Sixth Circuit has held that "bank robbery by intimidation necessarily involves the use, attempted use, or threatened use of violent physical force. Because the federal bank robbery and carjacking statutes use identical language, our precedent requires us to conclude—as have the Fourth, Fifth, and Eleventh Circuits—that the commission of carjacking by 'intimidation' necessarily involves the threatened use of violent physical force and, therefore, that carjacking constitutes a crime of violence under § 924(c)'s elements clause." *United States v. Jackson*, 918 F.3d 467, 486 (6th Cir. 2019); *United States v. Gardner*, 819 F. App'x 335, 341 (6th Cir. 2020). *Davis,* which addressed the "residual clause" in § 924(c)(3)(B), is not implicated in White's conviction under the "elements clause" in § 924(c) since carjacking remains a crime of violence under this statute. White is not entitled to relief based on *Davis*.

4

B.   **Motion for Extension of Time**

On June 24, 2020, prior to filing his Motion to Vacate Sentence, White filed a Motion for Extension of Time to file a Motion to Vacate Sentence under 28 U.S.C. § 2255. A court cannot rule on a Motion for an Extension without a properly filed § 2255 Motion.[1] *United States v. Asakevich*, 810 F.3d 418, 419 (6th Cir. 2016). In *Asakevich*, the Sixth Circuit held that district courts lack jurisdiction to grant an extension for a § 2255 motion that has not yet been filed. *Id.* The Sixth Circuit opined that the Court has "no license to issue advisory opinions" and that principle cannot be adjusted "no matter how convenient or efficient the request might otherwise be." *Id.* at 421 (internal citations omitted).

White's 2255 Motion, addressed above, is untimely. Even if timely filed, as this Court noted, White is not entitled to relief on the merits based on *Davis*. The Court denies White's Motion for Extension of Time.

C.   **Motion for Compassionate Release under Section 3582**

1.   **The First Step Act, 18 U.S.C. § 3582(c)(1)(A)**

On December 7, 2020, White filed the instant Motion for Compassionate Release because of the COVID-19 pandemic. White asserts he is a high risk for severe illness from COVID-19 because he has moderate to severe asthma, is obese,

---

[1] Many portions of Defendant's handwritten Motion were indecipherable. It is unclear whether Defendant intended to file a Motion to Extend Time for a 2255 Motion. Since the Court cannot determine the basis of Defendant's Motion, the Court includes the relevant standards for 2255 motion extension.

and suffers from mental problems, such as, panic disorder with agoraphobia, major depressive disorder, attention deficit/hyperactivity disorder combined type. ECF No. 62, PageID.308, .318-.322.

In resolving motions for compassionate release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A), district courts face two questions: (1) whether extraordinary and compelling circumstances merit a sentence reduction; and (2) whether the applicable § 3553(a) factors warrant such a reduction. *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020); United *States v. Ruffin*, 978 F.3d 1000, 1006-07 (6th Cir. 2020). A third consideration, the § 1B1.13 policy statement, is no longer a requirement courts must address in ruling on defendant-filed motions. U.S.S.G. § 1B1.13; *United States v. Elias*, 984 F.3d 516, 518–20 (6th Cir. 2021) (citing *Jones*, 980 F.3d at 1108); *United States v. Hampton*, 985 F.3d 530, 531 (6th Cir. 2021). A defendant must first exhaust all administrative remedies, or, alternatively, wait 30 days after the warden's first receipt of the request. 18 U.S.C. § 3582(c)(1)(A); *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020). White claims he exhausted his administrative remedies when the Warden denied his request on November 30, 2020. ECF No. 62, PageID.306.

**2. First Step: Extraordinary/Compelling Reasons**

As to whether there are extraordinary and compelling circumstances to merit a sentence reduction in this case, White claims that his underlying health conditions, age, and the threat of a deadly disease, which was unforeseen when he entered prison, support a sentence reduction.

The Government acknowledges White's medical records confirm he has been diagnosed with bipolar disorder and is mildly obese, but that they are silent as to any treatment or asthma diagnosis, although White submitted medical record from Michigan Children's Hospital showing he was treated for asthma in 2000. ECF No. 66, PageID.350. The Government noted that the BOP medical records noted no significant health history reported and no chronic or acute medical issues endorsed. ECF No. 66, PageID.350 and Exhibit 4 (under seal). The Government agrees that White has shown reasons for release based on his obese status, with a BMI of 35.2. ECF No. 66, PageID.361.

The Government argues, however, that the BOP has mitigated and continues to mitigate the COVID-19 pandemic, by various strict protocols, distribution of vaccines to staff and inmates, and implemented the Attorney General's directive on assessing home-confinement options for some inmates based on age, vulnerability

to COVID-19, the risks that the inmate may contract COVID-19 at home, and the risk to public safety.

The Court finds that White's underlying conditions, as noted by the medical records and by White himself, are risk factors for severe illness from COVID-19. However, the Sixth Circuit has stated that the COVID-19 vaccine is now available to a defendant housed with the BOP and that if the defendant has access to the vaccine, the COVID-19 pandemic does not present an "extraordinary and compelling reasons" warranting a sentence reduction. *United States v. Lemons,* 15 F. 4th 747, 751 (6th Cir. 2021). The Sixth Circuit further stated:

> After all, with access to the vaccine, an inmate largely faces the same risk from COVID-19 as those who are not incarcerated. To be sure, inmates in some respects face social distancing challenges distinct from those of the general public (although perhaps not entirely unlike students in dorm rooms, individuals in medical and assisted care facilities, and even residents of densely occupied apartment complexes). But to the extent prisons do offer some unique challenges, the vaccine now significantly reduces the risks associated with COVID-19. And at this intersection of law and science, we find wisdom in Judge Easterbrook's assessment that "for people living in close quarters, vaccines offer relief far more effective than a judicial order."

*Id.* (citing *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) (Easterbrook, J.)).

The Court finds that White suffers from serious underlying medical conditions. However, in light of the availability of the COVID-19 vaccine and the

8

BOP's efforts to manage the pandemic, the Court finds a sentence reduction is not warranted based on White's underlying medical conditions since he is receiving sufficient medical care for these conditions while in custody.

### 3. Second Step: 18 U.S.C. § 3553(a)(1) Factors

The second step requires that the sentencing court consider the sentencing factors set forth in 18 U.S.C. § 3553(a)(1):

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed–
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for--
> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
> (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
> (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; ...
>
> * * *
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

9

(7) the need to provide restitution to any victims of the offense.

18 U.S.C.A. § 3553 (West).

The Sixth Circuit has repeatedly recognized that district courts may deny relief under § 3553(a) factors even if extraordinary and compelling reasons would otherwise justify relief. *Ruffin,* 978 F.3d at 1008. The entire record is considered, including the district court's balancing of the factors at the original sentencing. *Id.*

At sentencing, the Court reviewed these factors thoroughly prior to imposing the sentence and continues to adopt those findings in this Order. The Court found and continues to find that the sentence imposed reflected the seriousness of the offense, promoted respect for the law, and provided just punishment for the offense. The Court's sentence reflected the White's criminal history and characteristics. The Court's sentence included a mandatory minimum sentence, but also departed from the advisory guideline range for a few months.

As this Court noted at sentencing, there is a need to protect the public from further crimes, the need to punish a defendant and the sentence must reflect the seriousness of the crime. The amount of time served may also be considered in determining whether a sentence modification is appropriate. *Ruffin,* 978 F.3d at 1009. The 24-months and consecutive 120 months sentence reflected the goals of

10

sentencing under § 3553(a), which as noted above, departed from the guideline range on Count One of 30-37 months. White has a couple of years remaining on his federal sentence, with a release date of May 2026, and any modification of his sentence is not appropriate. The Court's imposition of the total 144-month sentence, which departed from the guideline range, considered the goals of sentencing under § 3553(a), including the need to protect the public, punishment and seriousness of the crime.

The Court finds that based on the factors noted above and based on this Court's consideration of the other factors under § 3553(a), a reduction of the already-below guidelines sentence is not warranted.

### III. CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2225 Proceedings, which was amended as of December 1, 2009, requires that a district court must issue or deny a certificate of appealability when it enters a final order. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide

reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir.1997).

For the reasons set forth above, the Court finds that a certificate of appealability will not be issued since White's motion was filed beyond the one-year limitations period under 28 U.S.C. § 2255 and lacks merit.

**IV. CONCLUSION**

The Court, having denied White's motions as set forth above,

IT IS ORDERED that the Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 **[Case No. 20-12132 and Criminal Case No. 16-20060, ECF No. 55]** is DENIED.

IT IS FURTHER ORDERED that the Motion for Extension of Time to File **[Case No. 16-20060, ECF No. 54]** is DENIED.

IT IS ORDERED that the Motion for Sentence Reduction under 18 U.S.C. § 3582 **[Case No. 16-20060, ECF No. 62]** is DENIED.

IT IS FURTHER ORDERED that the Motion to Strike the Government's Response **[Case No. 16-20060, ECF No. 71]** is DENIED.

IT IS FURTHER ORDERED that the Petition to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 **[Case No. 20-12132]** is **DISMISSED** with prejudice and this action is deemed **CLOSED** on the docket.

IT IS FURTHER ORDERED that a certificate of appealability not issue in this case.

s/Denise Page Hood
DENISE PAGE HOOD
United States District Judge

DATED:   September 10, 2024